# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICARDO MORALES, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-01791-CDP |
| | ) | |
| EILEEN RAMEY, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed jointly by petitioners Ricardo Morales and Melvin Leroy Tyler. For the reasons discussed below, the petition must be denied and dismissed as successive. *See* 28 U.S.C. § 2244(b)(1).

### Background

Petitioners have filed a joint petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Each petitioner is challenging his own conviction.

**A. Petitioner Morales**

On April 18, 2012, petitioner Morales was convicted following a jury trial of four counts of first-degree statutory sodomy, three counts of first-degree statutory rape, three counts of second-degree statutory sodomy, and two counts of second-degree statutory rape. *State of Missouri v. Morales*, No. 1022-CR03880 (22nd Cir., City of St. Louis).[1] He was sentenced to a total of forty-

---

[1] The underlying state court cases of both petitioners were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

five years' imprisonment. The convictions were affirmed on direct appeal. *State v. Morales*, 412 S.W.3d 399 (Mo. App. 2013). Petitioner Morales filed a state motion for postconviction relief pursuant to Mo. Sup. Ct. R. 29.15, which was denied by the circuit court on March 28, 2016. *Morales v. State of Missouri*, No. 1422-CC00191 (22nd Cir., City of St. Louis). The judgment of the circuit court was affirmed on June 6, 2017. *Morales v. State*, 528 S.W.3d 41 (Mo. App. 2017).

On May 16, 2014, petitioner Morales filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Morales v. Cassady*, No. 4:14-cv-00943-NAB (E.D. Mo.). The petition was denied on September 27, 2017. Petitioner Morales filed an appeal to the United States Court of Appeals for the Eighth Circuit on October 16, 2017. The Eighth Circuit denied his application for a certificate of appealability and dismissed his appeal on July 3, 2018. *Morales v. Cassady*, No. 18-1621 (8th Cir. 2018).

Petitioner Morales filed the instant petition on June 16, 2019, by placing it in his prison's mailing system.[2]

**B. Petitioner Tyler**

On August 4, 1978, petitioner Tyler was convicted of two counts of first-degree robbery by means of a deadly weapon, two counts of assault with intent to commit rape without malice aforethought, and armed criminal action. *State v. Tyler*, 622 S.W.2d 379, 382 (Mo. Ct. App. 1981). He was sentenced to fifty years on each robbery count, five years on each assault count, and fifty years for the armed criminal action count. *Id*. All terms were ordered to be served consecutively. *Id*.

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

The Missouri Court of Appeals reversed petitioner Tyler's armed criminal action conviction on the basis of double jeopardy. *Id*. at 387. The judgment was affirmed in all other respects. *Id*.[3] Petitioner Tyler has since attempted to seek postconviction relief through the state courts, but those attempts have not been successful. *See Tyler v. State*, 18 S.W.2d 117 (Mo. Ct. App. 2000); *State v. Tyler*, 103 S.W.3d 245 (Mo. Ct. App. 2003); *Tyler v. State*, 111 S.W.3d 495 (Mo. Ct. App. 2003); *Tyler v. State*, 229 S.W.3d 103 (Mo. Ct. App. 2007); and *Tyler v. State*, 292 S.W.3d 338 (Mo. Ct. App. 2009).

On July 19, 1988, petitioner Tyler filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Tyler v. Armontrout*, 917 F.2d 1138, 1139 (8th Cir. 1990). The district court denied his petition on July 12, 1989. *Id*. at 1140. Petitioner Tyler filed an appeal to the United States Court of Appeals for the Eighth Circuit, which affirmed the denial of his habeas petition in all respects. *Id*. at 1143. He has made various other attempts to seek habeas relief in federal court, to no avail. *See Tyler v. Purkett*, 26 F.3d 127, 1994 WL 281821, at *1 (8th Cir. 1994) (unpublished opinion) (noting that instant petition was "not the first habeas petition filed by [petitioner Tyler] for the purpose of challenging these convictions…It is either the fifth or sixth such petition").

On January 24, 2008, petitioner Tyler filed a joint § 2254 petition for writ of habeas corpus along with three other petitioners. *Tyler, et al. v. Crawford*, No. 4:08-cv-116-MLM (E.D. Mo.).

---

[3] The Court notes that petitioner Tyler was also convicted on charges of first-degree robbery, rape, kidnapping, and armed criminal action in Platte County Circuit Court in 1977. *State v. Tyler*, 587 S.W.2d 918, 922 (Mo. Ct. App. 1979). His conviction was affirmed on direct appeal. *Id*. at 934. He filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed for failure to exhaust state remedies. *Tyler v. Wyrick*, 730 F.2d 1209, 1210 (8th Cir. 1984). The dismissal of his habeas petition was affirmed. *Id*. at 1211. Petitioner Tyler also pursued postconviction remedies in state court, but was unsuccessful. *See Tyler v. State*, 794 S.W.2d 252 (Mo. Ct. App. 1990); *Tyler v. State*, 941 S.W.2d 856 (Mo. Ct. App. 1997); *Tyler v. State*, 994 S.W.2d 50 (Mo. Ct. App. 1999); and *Tyler v. State*, 348 S.W.3d 149 (Mo. Ct. App. 2011). Petitioner Tyler was later allowed to file a successive federal habeas petition pursuant to § 2254. *Tyler v. Purkett*, 413 F.3d 696, 698 (8th Cir. 2005). However, the Court of Appeals found there was no basis on which to grant habeas relief. *Id*. at 705.

3

The district court noted that petitioner Tyler had filed several petitions for writ of habeas corpus that had previously been denied. As a result, the district court determined that petitioner Tyler could not bring a § 2254 petition without first seeking leave from the United States Court of Appeals for the Eighth Circuit. The district court denied petitioner Tyler's petition for writ of habeas corpus on March 4, 2008. The Eighth Circuit denied his application for a certificate of appealability and dismissed his appeal on July 16, 2008. *Tyler, et al. v. Crawford*, No. 08-2323 (8th Cir. 2008).

Petitioner Tyler filed the instant petition on June 16, 2019, by placing it in his prison's mailing system.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears that petitioners are not entitled to relief, because both petitioners have previously filed habeas petitions, making the instant petition successive.

**A. Successive Petition**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under the AEDPA, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002)

(stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition").

As noted above, both petitioners have filed prior petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Morales filed a federal petition for writ of habeas corpus on May 16, 2014. The United States District Court for the Eastern District of Missouri denied the petition on September 27, 2017. The United States Court of Appeals for the Eighth Circuit denied petitioner Morales's application for a certificate of appealability and dismissed the appeal on July 3, 2018. Likewise, petitioner Tyler filed a federal petition for writ of habeas corpus on July 19, 1988. The United States District Court for the Eastern District of Missouri denied his petition, and the United States Court of Appeals for the Eighth Circuit affirmed. Petitioner Tyler has made various other unsuccessful attempts to seek habeas relief in federal court. These attempts include a § 2254 petition filed on January 24, 2008, that was denied as being successive. Petitioner appealed, but the United States Court of Appeals for the Eighth Circuit denied his application for a certificate of appealability and dismissed his appeal.

To the extent petitioners seek to relitigate claims they brought in their original § 2254 petitions, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioners seek to bring new claims for habeas relief, they must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioners have not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals. As such, the petition must be denied and dismissed as successive.

B. **Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right.

*See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioners have not made such a showing, so the Court will not issue a certificate of appealability.

### C. Motion to Disqualify

Petitioners have filed a joint motion seeking to disqualify "any and all judges" in both the Eastern and Western Districts of Missouri. (Docket No. 2). In the motion, petitioners ask the federal courts of Missouri to recuse themselves because "the state and federal courts are infested with state created monsters," specifically procedural bars that they believe are unconstitutional. Petitioners assert that due to procedural bars, federal judges in Missouri have caused "hundreds" of legally and factually innocent individuals to be imprisoned for decades. Petitioners further allege that they "are factually and legally innocent" and that "their chances of getting a day in court" is as likely as "a mocking bird [surviving] in the pits of hell."

The recusal of a judge is required if the judge bears a bias or prejudice that might call into question his or her impartiality. *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017). The disqualification of a judge "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014). However, a judge is presumed to be impartial, meaning that the party that seeks recusal bears a substantial burden of proving otherwise. *Scenic Holding, LLC v. New Bd. of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 662 (8th Cir. 2007). Moreover, "an unfavorable judicial ruling does not raise an inference of bias or require the trial judge's recusal." *Moran v. Clarke*, 296 F.3d 638, 649 (8th Cir. 2002). *See*

*also United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) ("Judicial rulings rarely establish a valid basis for recusal").

Petitioners have failed to carry the substantial burden of showing a lack of impartiality. Their motion is entirely devoid of specific factual allegations of bias, and instead relies on broad complaints about the legal system in general, and procedural bars in particular. Petitioners insist they are both innocent and have been framed. Clearly, the central premise of petitioners' motion is that the judges of the Eastern and Western Districts should be disqualified based on prior rulings that have gone against them. As noted above, however, unfavorable rulings do not raise an inference of bias or require recusal. Because petitioners have not provided a valid basis for recusal, the Court must deny their motion.

### D. Motions to Proceed in Forma Pauperis

Both petitioner Morales and petitioner Tyler have filed motions for leave to proceed in forma pauperis. (Docket No. 3; Docket No. 4). Having reviewed the motions and the financial information submitted in support, the Court finds that they should be granted.

### E. Petition to Allow Oral Argument

Petitioners have filed a joint petition to allow oral argument and to issue a writ of habeas corpus ad testificandum. (Docket No. 5). The petition will be denied as moot as this action is being dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioners' petition for writ of habeas corpus (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioners' motion to disqualify the judges of the Eastern and Western Districts of Missouri (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioners' motions for leave to proceed in forma pauperis (Docket No. 3; Docket No. 4) are **GRANTED**.

**IT IS FURTHER ORDERED** that petitioners' petition to allow oral argument (Docket No. 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 22nd day of October, 2019.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE